IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KRISTEN GARDNER HUNTER, as )
Executrix of the Estate of )
Randall Don Hunter, Deceased, )
as Surviving Spouse of Randall )
Don Hunter, as Guardian of )
M.S.H., a minor, and as )
Guardian of M.B.H., a minor, )
    )
        Plaintiffs, )
    )
v.  ) CASE NOS. CV419-174
    )           CV419-169
UNITED STATES OF AMERICA, )
    )
        Defendant. )
    )

## O R D E R

Before the Court is the Government's Motion to Consolidate Actions for Discovery and Trial.[1] (CV419-174, Doc. 59; CV419-169, Doc. 97.) In its motion, the Government requests that the Court consolidate the instant action, CV419-174 (the "Hunter Action"), with CV419-169 (the "Cocke Action") under Federal Rule of Civil Procedure 42(a). (CV419-174, Doc. 59 at 1; CV419-169, Doc. 97 at 1.) For the following reasons, the Government's motion (CV419-174, Doc. 59; CV419-169, Doc. 97) is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] The Government filed its motion in both the instant action, CV419-174, and in the action the Government seeks to consolidate with the instant action, CV419-169. Because the motion is the same in both actions, the Court will dispose of it in a single order.

## BACKGROUND

This case arises from a plane crash in Ellabell, Georgia that killed the pilot—Randall Don Hunter—and two passengers—Catherine and William Cocke. (CV419-174, Doc. 1 at ¶ 1; CV419-169, Doc. 1 at ¶ 1.) On August 28, 2017, shortly after takeoff from the Savannah/Hilton Head International Airport, the plane experienced total engine failure. (CV419-174, Doc. 18 at ¶¶ 20-21; CV419-169, Doc. 140 at ¶¶ 24-25.) Randall Hunter contacted the Savannah Air Traffic Control Tower for assistance. (CV419-174, Doc. 18 at ¶ 21; CV419-164, Doc. 140 at ¶ 25.) In response, the air traffic controller employed by the Federal Aviation Administration ("FAA") advised Randall Hunter to either (1) return to the Savannah/Hilton Head International Airport or (2) attempt to glide towards an airport located in Statesboro, Georgia. (CV419-174, Doc. 18 at ¶ 22; CV419-169, Doc. 140 at ¶ 26.) Randall Hunter informed the air traffic controller that he would attempt to glide towards the Statesboro airport. (CV419-174, Doc. 18 at ¶ 24; CV419-169, Doc. 140 at ¶ 28.) Approximately one minute later, after Randall Hunter had turned the plane towards Statesboro, the air traffic controller informed Hunter that Cypress Lakes Airport was closer to the plane's position than the Statesboro airport. (CV419-174, Doc. 18 at ¶ 29; CV419-169, Doc. 140 at ¶ 33.) Randall Hunter turned the plane again, this time towards Cypress Lakes Airport; however, the plane crashed before reaching Cypress Lakes, killing Randall

Hunter and the passengers, William and Catherine Cocke. (CV419-174, Doc. 18 at ¶¶ 30-32; CV419-169, Doc. 140 at ¶¶ 34-35.)

Representatives of the Hunter and Cocke families filed two separate lawsuits in this Court—the Hunter Action and the Cocke Action—based on the plane crash. (CV419-174, Doc. 1; CV419-169, Doc. 1.) Plaintiffs in the Hunter Action—Kristen Gardner Hunter, as executrix of Randall Hunter's estate, surviving spouse, and guardian of Randall Hunter's two minor children (the "Hunter Plaintiffs")—allege that the FAA air traffic controller failed to provide proper services to Randall Hunter. (CV419-174, Doc. 18 at ¶¶ 44-54.) Based on this allegation, the Hunter Plaintiffs brought several negligence claims against the Government. (Id.)

Plaintiffs in the Cocke Action—the executors of the estates of Catherine and William Cocke and the guardians and conservators for their children (the "Cocke Plaintiffs")—allege that Randall Hunter was negligent in piloting the plane, that the plane suffered an engine failure and that FAA air traffic controllers failed to provide proper services after the engine failure. (CV419-169, Doc. 140 at ¶¶ 39-71.) Based on these allegations, the Cocke Plaintiffs brought negligence claims against Kristen Hunter, as personal representative of the Randall Hunter's estate; Randall Hunter's estate; the company that chartered the plane, Aviation Development

3

Group, LLC ("ADG"); the sole owner of ADG, Thomas Huff; and the Government.[2] (Id.)

On August 21, 2020, the Government filed a motion to consolidate the Hunter Action and the Cocke Action. (CV419-174, Doc. 59; CV419-169, Doc. 97.) The Hunter Plaintiffs and the Cocke Plaintiffs agree that the actions should be consolidated for the purposes of discovery; however, the Plaintiffs oppose consolidating the actions for trial.[3] (CV419-174, Doc. 60; CV419-169, Doc. 99.)

## ANALYSIS

The Government seeks to consolidate the Hunter Action and the Cocke Action for discovery and trial pursuant to Federal Rule of Civil Procedure 42(a). (CV419-174, Doc. 59 at 1; CV419-169, Doc. 97 at 1.) Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The Eleventh Circuit has described this rule as "a codification of a trial

---

[2] Both the Cocke Plaintiffs and the Hunter Plaintiffs originally named as a defendant Continental Motors, Inc., the manufacturer of the plane's engine. (CV419-174, Doc. 1; CV419-169, Doc. 1.) Subsequently, the Plaintiffs settled with Continental Motors, and the Court dismissed Continental Motors from both actions. (CV419-174, Doc. 71; CV419-169, Doc. 108.)
[3] The Court notes that ADG and Huff have not opposed the Government's motion to consolidate.

4

court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting In re Air Crash Disaster at Florida Everglades, 594 F.2d 1006, 1012 (5th Cir. 1977)) (internal quotations omitted).[4] Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting Air Crash Disaster, 594 F.2d at 1013).

Although the Court's decision under Rule 42(a) is discretionary, the Court must consider the following factors:

(1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues;

(2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits;

(3) the length of time required to conclude multiple suits as against a single one; and

(4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Weismann v. Williams, Nos. 1:15-CV-40(WLS), 1:17-CV-220(WLS), 2018 WL 9439690, at *2 (M.D. Ga. Aug. 15, 2018) (quoting Hendrix, 776 F.2d at 1495). "When cases are consolidated pursuant to [Rule]

---

[4] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

42(a), the district court must take care to ensure that the trial of the consolidated actions will be conducted in a manner which does not prejudice the rights of the parties." Dempsey v. Mac Towing, Inc., 876 F.2d 1538, 1545 (11th Cir. 1989) (citing Hendrix, 776 F.2d at 1495). "Decisions to consolidate have been reversed in cases where a party was prejudiced because his substantive legal interests conflicted with those of a co-party." Young, 59 F.3d at 1169.

As an initial matter, the parties do not dispute that the Hunter Action and the Cocke Action should be consolidated for purposes of discovery. (CV419-174, Doc. 60 at 1; CV419-169, Doc. 99 at 1-2.) The Hunter Plaintiffs and the Cocke Plaintiffs "acknowledge that certain common factual and legal issues exist in both cases . . ." and that the liability-related evidence in both cases will be similar. (CV419-174, Doc. 60 at 3; CV419-169, Doc. 99 at 3.) Accordingly, the Court **GRANTS** the Government's motion to the extent it seeks to consolidate the Hunter Action and the Cocke Action for purposes of discovery. See Carroll v. Tavern Corp., No. 1:08-CV-2514-TWT-JFK, No. 1:08-CV-2554-TWT-JFK, 2009 WL 10666084, at *2 (N.D. Ga. Feb. 27, 2009) (consolidating two actions for purposes of discovery and pre-trial matters).

In its motion, the Government argues that the Court should also consolidate the Hunter Action and the Cocke Action for purposes of trial. (CV419-174, Doc. 59 at 1; CV419-169, Doc. 97 at

6

1.) The Government contends that consolidation for purposes of trial will "promote convenience and judicial economy because both actions involve common questions of law and fact." (CV419-174, Doc. 59 at 2; CV419-169, Doc. 97 at 2.) Specifically, the Government argues that its "liability defenses in both cases will [] be identical with the same fact witnesses [and] experts." (CV419-174, Doc. 59 at 3; CV419-169, Doc. 97 at 3.) Additionally, the Government asserts that consolidation does not pose a risk of confusion for the finder of fact because the Court, rather than a jury, will decide the claims against the Government. (CV419-174, Doc. 59 at 3; CV419-169, Doc. 97 at 3.)

In response, the Hunter Plaintiffs and the Cocke Plaintiffs argue that a consolidated trial would significantly increase the risk of prejudice and confusion. (CV419-174, Doc. 60 at 1; CV419-169, Doc. 99 at 2.) The Hunter Plaintiffs and the Cocke Plaintiffs highlight that, although the liability-related evidence will be the same in each action, the damages-related evidence will be entirely different. (CV419-174, Doc. 60 at 3-4; CV419-169, Doc. 99 at 3.) The Hunter Plaintiffs and the Cocke Plaintiffs also note that, unlike the Hunter Action, the Cocke Action will require empaneling a jury and will involve evidence related to claims against ADG and Huff. (CV419-174, Doc. 60 at 3; CV419-169, Doc. 99 at 4.)

Additionally, the Hunter Plaintiffs and Cocke Plaintiffs argue that because the Cocke Plaintiffs brought claims against the pilot's estate, Plaintiff Kristen Hunter, as the representative of the pilot's estate, would be required to act as a plaintiff and a defendant in a consolidated trial. (CV419-174, Doc. 60 at 3; CV419-169, Doc. 99 at 4.) The Hunter Plaintiffs and the Cocke Plaintiffs argue that requiring Kristen Hunter to act as both plaintiff and defendant would align parties with conflicting interests and cause substantial prejudice. (CV419-174, Doc. 60 at 3; CV419-169, Doc. 99 at 4.)

The Court finds that a consolidated trial is not appropriate here. Although the Court acknowledges the benefit of consolidating the trials for the sake of time and resources, the Court is not persuaded that the benefits of consolidation outweigh the risk of prejudice and possible confusion. Additionally, as discussed below, the risk of inconsistent adjudications if the actions are tried separately is mitigated because the Court will be the trier of fact in the Hunter Action.

First, the Court agrees with the Hunter Plaintiffs and the Cocke Plaintiffs that, unlike the liability-related evidence, the damages-related evidence involved in each action is entirely different. Although the actions arose from the same accident, the damages requested by the Hunter Plaintiffs will require the presentation of different witnesses and evidence than the damages

8

requested by the Cocke Plaintiffs. Accordingly, a consolidated trial risks prejudicing the Plaintiffs and confusing the jury that will be empaneled for the Cocke Action. See Halo Wireless, Inc. v. TDS Telecomms. Corp., Nos. 2:11-CV-158-RWS, 1:11-CV-2749-RWS, 2012 WL 246393, at *2 (N.D. Ga. Jan. 26, 2012) ("[T]he mere existence of common issues, although a prerequisite to consolidation, does not mandate a joint trial.") (internal quotations omitted).

Second, the fact that Plaintiff Kristen Hunter would act as a plaintiff and a defendant in a consolidated trial presents a substantial risk of prejudice and confusion. In that situation, Plaintiff Kristen Hunter would face a conflict as the defendant in the Cocke Action and the plaintiff in her own action. Unlike the Cocke Plaintiffs, who could argue that either Randall Hunter or the Government was negligent, Plaintiff Kristen Hunter could only argue that the Government was negligent. Moreover, Kristen Hunter would be required to advocate alongside the Cocke Plaintiffs in her claims against the Government; but, in the same trial, she would also be required to defend her husband against the Cocke Plaintiffs. See Atkinson v. Roth, 297 F.2d 570, 575-76 (3d Cir. 1961) (denying consolidation because "the presence of Atkinson, qua defendant, in the same trial with Atkinson, qua plaintiff, emphasizes the conflict."); Trevizo v. Cloonan, No. P-00-CA-028, 2000 WL 33348794, at *2 (W.D. Tx. Nov. 29, 2000) ("Consolidation is improper if it aligns a party in one part of the litigation

9

with other parties with whom the first party has a conflicting interest in other parts of the consolidated litigation.") (citing DuPont v. Southern Pac. Co., 366 F.2d 193, 196 (5th Cir. 1966)). Because of the conflicting interests of the Cocke Plaintiffs and Plaintiff Kristen Hunter, the Court finds that consolidation is improper.

Finally, there is minimal risk of inconsistent adjudications if the actions are tried separately. Although a jury will be empaneled to hear the claims by the Cocke Plaintiffs against ADG, Huff and the Hunter Plaintiffs, the claims against the Government will be decided by the Court. See 28 U.S.C. § 2402. Likewise, the claims against the Government in the Hunter Action will be decided by the Court. With the Court as the only trier of fact in the Hunter Action, the risk that separate trials will result in inconsistent adjudications is mitigated. Accordingly, the Court is not persuaded that "the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications." Hendrix, 776 F.2d at 1495. As a result, the Court finds that consolidation for purposes of trial is not appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court finds that consolidation of the Hunter Action and the Cocke Action is appropriate for purposes of discovery; however, consolidation is inappropriate for purposes of trial. As a result, the Government's

10

motion to consolidate (CV419-174, Doc. 59; CV419-169, Doc. 97) is **GRANTED IN PART** and **DENIED IN PART**.

SO ORDERED this 21ST day of January 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA