# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

JOHN HARTWELL COCKE, as )
Executor of the Estate of )
WILLIAM BYRON COCKE, *et al.*, )
                                )
    Plaintiff, )
                                )
v.                              )      CV419-169
                                )
UNITED STATES )
OF AMERICA, *et al.*, )
                                )
    Defendants. )

---

KRISTEN GARDNER HUNTER, )
as Executor of the Estate of )
RANDALL DON HUNTER, *et al.*, )
                                )
                                )
    Plaintiff, )
                                )
v.                              )      CV419-174
                                )
UNITED STATES OF AMERICA, )
                                )
    Defendant. )

## <u>ORDER</u>

The United States has filed an unopposed motion for "an order permitting the Department of Labor to provide copies of [an FAA air traffic controller's workers compensation claim documents] to the Department of Justice, Civil Division, Aviation, Space & Admiralty

Litigation for review, and possible production . . . ."  Doc. 267 at 2.[1]  These documents have been requested by Plaintiffs in discovery.  *Id.*

The Privacy Act of 1974 provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11).[2]  In *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984), the Eleventh Circuit announced a balancing test for evaluating requests for court orders under § 552a(b)(11), which requires courts to "balanc[e] the need for the disclosure against the potential harm to the subject of the disclosure."  *Id.*; *see also, e.g.*, *Estate of Dash by and through Dash v. United States*, 2022 WL 2304514, *4 (S.D. Fla. June 27, 2022) (applying balancing test); *Am. Modern Select Ins. Co.*

---

[1]  Discovery has been consolidated in *Cocke v. United States, et al.*, CV419-169, and *Hunter v. United States*, CV419-174.  Although the United States' motion is captioned for both cases, it was only filed in the *Cocke* case, CV419-169.  *See* CV419-169, doc. 267.  The Clerk is **DIRECTED** to docket the motion in the *Hunter* case, too.  CV419-174.  For purposes of this Order, the Court cites to the docket in CV419-169 unless otherwise stated.

[2]  There are other exceptions not applicable here.  *See* 5 U.S.C. § 552a(b)(1)-(12).

*v. Sutherland*, 2013 WL 1767827, *2 (N.D. Ala. Apr. 18, 2013) (recognizing that the *Perry* standard is applicable to a request for records subject to the Privacy Act).[3]

The current motion presents the issue in an unusual posture, because it is not the requesting party, the Plaintiffs, seeking the order. Instead, one agency of the United States seeks an order compelling another agency to turn over records that will then be reviewed and possibly produced, "pursuant to the Agreed Protective Orders, if otherwise relevant and discoverable." Doc. 267 at 2. In doing so, the United States does not provide any information that would permit the Court to undertake the balancing analysis required by *Perry*. *Id.* Instead, it identifies the requested documents—those "relating to a claim

---

[3] The District Court for the Eastern District of Washington recently observed that "[t]he caselaw on this particular issue is not robust," and recognized an apparent split among courts as to the standard to use when evaluating requests for orders under the Privacy Act. *Clarkson v. Alaska Airlines, Inc.*, 2020 WL 7241055, *1 (E.D. Wash. Dec. 9, 2020). Some courts outside of the Eleventh Circuit apply the *Perry* balancing standard. *Id.* (citing *Gutierrez v. Benavides*, 292 F.R.D. 401 (S.D. Tex. 2013); *U.S. Equal Empl. Opportunity Commn. v. Rent-A-Ctr. E. Inc.*, 2017 WL 6945662 (C.D. Ill. Apr. 5, 2017)). "[O]ther courts have rejected the heightened *Perry* standard, finding the usual relevance standard of Rule 26 more appropriate." *Id.* (citing *Laxalt v. McClatchy*, 809 F.2d 885, 888-89 (D.C. Cir. 1987); *Broderick v. Shad*, 117 F.R.D. 306 (D.D.C. 1987); *Walker v. Sci. Applications Int'l Corp.*, 2010 WL 11561269, at *2 (S.D. Ind. May 13, 2010)). As the District Court for the Northern District of Alabama recognized, "[t]his court, of course, must apply the standard articulated by the Eleventh Circuit." *Sutherland*, 2013 WL 1767827, at *2.

that [an FAA air traffic controller] filed after the accident with the Department of Labor, Office of Workers' Compensation Programs (OWCP), pursuant to the Federal Employees' Compensation Act, 5 U.S.C. § 8101, *et. seq.*"—and asks the Court to order the Department of Labor to provide it with copies of those documents. *Id.*

Without more information, the Court is unable to determine the potential harm to the unnamed FAA air traffic controller should his claim documents be produced. Without more discussion about the documents and their likely relevance to the parties' dispute, it is also unable to determine whether the need for the records outweighs any potential harm. While the Court recognizes that the requested order would be only an initial step, and that the Department of Justice intends to review the documents before possibly producing them in response to Plaintiffs' request, the Privacy Act specifically contemplates inter-agency productions. Therefore, the applicable case law from the Eleventh Circuit requires the United States to provide the necessary information so that the Court can weigh the competing interests before ordering production.

Therefore, the United States' unopposed motion is **DENIED**. Doc. 267. It is free to refile its motion if it can provide the information necessary for the Court to conduct the analysis required by the Eleventh Circuit.

**SO ORDERED**, this 4th day of August, 2022.

_____

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA