IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN HARTWELL COCKE, as Executor of the Estate of WILLIAM BYRON COCKE, Deceased; et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA; AVIATION DEVELOPMENT GROUP, LLC; and THOMAS HUFF,<br><br>  Defendants. | CIVIL ACTION NO.: 4:19-cv-169 |
| KRISTEN GARDNER HUNTER, as Executrix of the Estate of RANDALL DON HUNTER, Deceased; et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | CIVIL ACTION NO.: 4:19-cv-174 |

**O R D E R**

Previously, the Court ordered the United States Department of Labor ("DOL") and the United States Office of Personnel Management ("OPM") to produce certain records to the parties, and to produce certain other types of records only to the Court, for the Court's *in camera* review. (See doc. 374.)  The Court has received the latter set of records and has performed the *in camera* review.  For the reasons explained below, the Court finds that the documents produced for *in*

*camera* review should remain protected from disclosure by the Privacy Act of 1974, see 5 U.S.C. § 552a, and thus the Court declines to order their production.

While the parties do not dispute that the at-issue records are subject to the Privacy Act, they disagree on whether the records satisfy the balancing test a court must undertake prior to issuing an order that the records be produced despite the Privacy Act. See 5 U.S.C. § 552a(b)(11) ("No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, *unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction*.") (emphasis added). That balancing test, established by the Eleventh Circuit Court of Appeals, requires the Court to "balanc[e] the need for the disclosure against the potential harm to the subject of the disclosure." Perry v. State Farm Fire & Cas. Co., 734 F.2d 1441, 1447 (11th Cir. 1984). After hearing oral argument from the parties about the types of information they believed the DOL and OPM records may contain, the Court concluded that the requested records *potentially* included information that may likely lead to the discovery of admissible evidence relevant to the case. But because there also appeared to be an appreciable risk of potential harm to the individual who is the subject of the records, the Court required the records to be produced only to it, so that it could perform an *in camera* review and determine which, if any, records satisfy the balancing test and should be produced to the parties.

Bearing in mind the Perry balancing test as it did so, the Court reviewed the documents that were produced by DOL and OPM exclusively to the Court for *in camera* inspection and has found that none of those documents tilt the scale for disclosure.[1] Accordingly, the documents

---

[1] The Court received and reviewed two documents containing information that tips the scale at least slightly more strongly for disclosure, both of those documents should have been produced to the parties by DOL

2

remain subject to the Privacy Act and the Court declines to issue an order directing that they be disclosed to the parties.[2]

**SO ORDERED**, this 18th day of July, 2024.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

under the Court's Order. Those documents are typewritten and signed "supporting statements" that were attached to the relevant "Federal Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation" (which was filed with DOL less than one month after the plane crash). One statement was signed by the air traffic controller who submitted the Notice, and the other was signed by the individual listed as a witness on the Notice. The Notice, along with any supporting statements, were to be produced to the parties by the DOL. (See doc. 374, p. 2.)

[2] Plaintiffs have filed a "Motion for Status Conference," in which they request, rather vaguely, "a Status Conference in follow up to" the Court's Order for production of the documents by DOL and OPM. (Doc. 375.) As the present Order has addressed the sole issue that remained open regarding the production of documents by DOL and OPM, the Court **DENIES** the motion.

3